IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE E. MARTINEZ, et al., | CASE NO. CV F 06-0233 OWW LJO |
| Plaintiffs, | **ORDER ON PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S DOCUMENT PRODUCTION** |
| vs. | (Docs. 31, 32.) |
| CITY OF FRESNO, et al, | |
| Defendants. | |

**INTRODUCTION**

In this police excessive force action, plaintiffs Lupe E. Martinez ("Ms. Martinez") and Ralph C. Rendon ("Mr. Rendon") seek from defendant City of Fresno ("City") discovery documents in two similar actions in this Court arising from the same underlying altercation with defendant City police officers Michael Manfredi ("Officer Manfredi") and Marcus K. Tafoya ("Officer Tafoya"). This Court considered Ms. Martinez and Mr. Rendon's (collectively "plaintiffs'") motion to compel on the record and VACATES the December 21, 2006 hearing. *See* Local Rule 78-230(h). For the reasons discussed below, this Court ORDERS the City, no later than January 10, 2007, to:

1. MAKE AVAILABLE to plaintiffs to photocopy, at their expense, all documents subject to plaintiffs' document requests nos. 1 and 2 which the City has agreed to produce and to which the City asserts no privilege or waives application of potential privileges; and

2. SERVE a revised privilege log to provide for each withheld document for which

privilege is claimed:

    a.    The document's general nature and description;

    b.    Identity and position of its author;

    c.    Date it was written;

    d.    Identity and position of all addressees and recipients;

    e.    Document's present location; and

    f.    Specific reasons why it was withheld, that is, privilege invoked and grounds thereof.

## BACKGROUND

### March 2005 Police Altercation

Plaintiffs are siblings and attended at a Fresno residence a March 5, 2005 party for their brother who had returned from Iraq military service. Officers Manfredi and Tafoya responded to a disturbance call and arrived at the residence late in the evening. The parties have wildly differing versions of the following events. Plaintiffs generally claim that Officers Manfredi and Tafoya unreasonably and excessively battered and arrested plaintiffs and others by use of expandable batons and firearms. Mr. Rendon further claims that after his arrest, Officer Manfredi further battered Mr. Rendon in a holding cell. Plaintiffs claim that they were criminally prosecuted based on Officers Manfredi and Tafoya's false reports.

Officers Manfredi and Tafoya claim that when they arrived at the party, they attempted to quell fighting among 20 partygoers and which started with an altercation between Ms. Martinez' husband and another man. Officers Manfredi and Tafoya claim that they gave many oral commands to stop fighting but that the violence escalated and that Officers Manfredi and Tafoya were compelled to pull partygoers away from one another to prevent injury. Officer Manfredi claims that Mr. Rendon punched him in the head, neck and shoulder and that two other men charged him when he attempted to arrest Mr. Rendon. Officers Manfredi and Tafoya assert that Mr. Rendon continued to resist arrest and that Mr. Rendon's family members moved toward Officer Manfredi and yelled at him to let go of Mr. Rendon to require Officer Manfredi to hold them back at gunpoint. Officers Manfredi and Tafoya claim that Ms. Martinez refused to follow their instructions to sit down and continued to attempt to approach them.

**Ensuing Litigation And Attempted Consolidation Of Actions**

Three other partygoers filed two actions in this Court prior to plaintiffs' action. On May 20, 2005, David Rendon filed his action entitled *David Anthony Rendon v. City of Fresno, et al.*, Case No. CV F 05-0661 OWW DLB ("*Rendon* action") to claim that the City, Officers Manfredi and Tafoya and other police officers used excessive force to violate his constitutional rights. On August 5, 2005, Gabriel and Rebecca Rodriguez (collectively "Rodriguezes") filed their action entitled *Gabriel Rodriguez, et al. v. City of Fresno, et al.*, Case No. CV F 05-1017 OWW DLB ("*Rodriguez* action") to allege that Officer Tafoya illegally entered the residence where the party took place and violently struck the Rodriguezes with his expandable baton. The Rodriguezes further alleged that the City was liable because Officer Tafoya acted pursuant to a City policy, pattern, practice and custom and the City had not trained effectively its police officers.

On March 1, 2006, plaintiffs filed this action ("*Martinez* action") to allege 42 U.S.C. § 1983 claims for false arrests and detentions and excessive force and that actions against them arose pursuant the City's official policy or custom, and that the City failed to adequately instruct, supervise and train Officers Manfredi and Tafoya. Plaintiffs also pursue similar state law violation claims.

Defendants brought a motion to consolidate the *Rendon*, *Rodriguez* and *Martinez* actions on grounds that: (1) common fact issues predominate over individual fact issues; (2) questions of law are substantially similar; and (3) consolidation would promote Court efficiency and would not produce prejudice or confusion. Defendants argued that legal issues of reasonable force are "substantially similar in each case" and that the only distinction among the actions is the different plaintiffs. Defendants further argued that discovery in the *Rendon* and *Rodriguez* actions is applicable to the *Martinez* action and the *Martinez* plaintiffs should not need inordinate time to review discovery to date.

The district judge granted to defense motion to consolidate only the *Rendon* and *Rodriguez* actions in that this *Martinez* was not as advanced and was "in the formative stages." The district judge found:

> . . . the Plaintiffs in *Rendon*, *Rodriguez*, and *Martinez* all bring identical claims for civil rights violations under the Fourth Amendment, Negligence against All Defendants, and alleged a pattern and practice of excessive force by the FPD. Factual differences do exist between *Rendon*, *Rodriguez*, and *Martinez*. However, they share the same core issues of whether Defendants can be held accountable for the alleged civil rights and state law

deprivations by the Plaintiffs.

Plaintiffs note that "the Court and the Defendants anticipated a full exchange of discovery if the Motion to Consolidate was granted in total."

## PLAINTIFF'S DISPUTED DOCUMENT REQUESTS

On October 5, 2005, plaintiffs propounded to the City their document request nos. 1 and 2 to seek "all DOCUMENTS which are in [the City's] possession, custody and control, whether confidential and/or non-confidential, regarding discovery taken or exchanged" in the *Rendon* and *Rodriguez* actions and including "deposition transcripts and all internal affairs reports exchanged in discovery." On November 7, 2006, the City objected that the document requests are "vague, ambiguous, overbroad, burdensome, oppressive and undue burden or expense." The City further objected that the document requests seek irrelevant information, information not reasonably calculated to lead to discovery of admissible evidence, and information protected by the official information privilege, right to privacy, California Government Code § 6254, California Penal Code § 832.7 and California Evidence Code § 1040, et seq. The City responded that it "will produce all relevant, non-privileged documents identified in [its] Rule 26 Disclosures responsive to this request upon receipt of the copying costs."

The City provided a cryptic privilege log which made non-specific references to:

1. Officer Manfredi and Tafoya's personnel records, including documents related to internal affairs investigations and disciplinary actions;
2. Records of internal affairs investigations relating to Officers Manfredi and Tafoya;
3. Fresno Police Department Policy and Procedure Manual Sections regarding use of force and arrest/detention of individuals; and
4. Deposition transcripts which have been sealed or contain confidential information.

The City provided the November 3, 2006 declaration of City Police Department Captain Pat Rhames ("Cpt. Rhames") that:

1. Information concerning personnel matters, including disciplinary actions, are contained solely within an officer's respective personnel file;
2. Confidentiality of personnel files has always been maintained;
3. Personnel files contain employment applications, resumes and other documents and

           notations with identifying information;

4.       Peace officers live under constant threat of reprisal and intimidation and would be reluctant to provide public agencies complete information that could be made public; and

5.       Production of personnel files, even under a carefully crafted protective order, would create substantial risk of harm to public and peace officer interests.

The City also provided the November 3, 2006 declaration of City Police Department Lieutenant Michael Reid ("Lt. Reid") that:

1.       Disclosure of City Police department policies and procedures is against public interest due to the need to preserve such information's confidentiality for safety and security of the public and police department employees; and

2.       Production of police department policies and procedures, even under a carefully crafted protective order, would create a substantial risk of harm to police and public interests in that release of information regarding training, policy and procedure and personnel information creates a security risk to peace officers.

Here, the City claims it "offered to produce all Fresno Police Department reports (including narrative reports, arrest reports, probable cause declarations, etc.), event logs, etc., related to the subject incident in addition to the documents listed in the Rule 26 Disclosures upon receipt of cost of copying."

Plaintiffs contend that F.R.Civ.P. 26(b)(1)'s broad discovery scope entitles them to discovery in the *Rendon* and *Rodriguez* actions and that defendants have acknowledged the commonality of the *Rendon*, *Rodriguez* and *Martinez* actions but "adopt a diametrically opposed position merely for strategical advantage." Plaintiffs argue that the City's privilege log fails to provide "adequate notice" and to "identify documents with requisite specificity" as another magistrate judge had found in a discovery ruling in the *Rodriguez* action. Plaintiffs emphasize that the City's privilege log provides "no guidance to the documents being withheld."

The City contends that plaintiffs' document requests "are overbroad, as they do not specify which specific documents or specific things in documents they are requesting." The City argues that "only issues relevant are documents containing information regarding the specific events and facts related to the specific injuries and damages alleged by these individual plaintiffs, Lupe Martinez and Ralph

Rendon." According to the City, "[s]ome of the discovery produced previously is applicable in this case; however, all of the prior discovery exchanged is not." The City proposes that this Court conduct an in camera review of documents which the City seeks to withhold.

The City points out that the *Rendon* and *Rodriguez* actions have settled to render the circumstances changed since defendants sought consolidation. The City argues although the plaintiffs in the *Rendon*, *Rodriguez* and *Martinez* actions alleged excessive force claims, "the facts pertaining to each alleged violation are different."

The City notes that it "agreed to produce non-confidential documents related to the subject incident, including the police reports and event reports for the subject incident and all non-sealed deposition transcripts at Plaintiffs' expense. Plaintiffs have agreed to pay the costs of copying."

## DISCOVERY STANDARDS

### Scope Of Discovery

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United States v. Procter & Gamble*, 356 U.S. 677, 683, 78 S.Ct. 983, 987 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947).

F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

### Document Requests

F.R.Civ.P. 34(b) requires a written response to a request for production to "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the

6

request is objected to, in which event the reasons for the objection shall be stated." A party is obliged to produce all specified relevant and nonprivileged documents or other things which are in its "possession, custody or control" on the date specified in the request. F.R.Civ.P. 34(a); *Norman Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F.Supp. 511, 512 (W.D. Pa. 1983). The propounding party may seek an order for further disclosure regarding "any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection requested." F.R.Civ.P. 34(b).

### **Privilege Logs**

As a reminder, F.R.Civ.P. 26(b)(5) addresses claims of privilege and provides:

> When a party withholds information otherwise discoverable under these rules by claiming it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

F.R.Civ.P. 26(b)(5) requires parties to provide a log or its equivalent when they withhold information on grounds of privilege or attorney work product protection. *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999). Failure to comply with F.R.Civ.P. 26(b)(5) "may constitute an 'implied' waiver of the privilege or protection." *In re Imperial Corp. of America*, 174 F.R.D. 475, 477 (S.D. Cal. 1997). In addition, where hundreds of documents are requested, "blanket objections" to production based on privilege and/or attorney work product protection are improper, and privilege objections should be specific with respect to documents or other communications. *Imperial Corp.*, 174 F.R.D. at 477.

To facilitate its determination of privilege, a court may require "an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps." *United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2nd Cir.), *cert. denied*, 519 U.S. 927, 117 S.Ct. 294 (1996) (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 471 (S.D.N.Y. 1993)); *see also In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).

The privilege log should provide as to a document for which privilege is claimed:

1.   The document's general nature and description;

  2. Identity and position of its author;

  3. Date it was written;

  4. Identity and position of all addressees and recipients;

  5. Document's present location; and

  6. Specific reasons why it was withheld, that is, privilege invoked and grounds thereof.

*See Construction Products*, 73 F.3d at 473-474.

With these standards in mind, this Court turns to plaintiffs' requests to the City for documents regarding discovery in the *Rendon* and *Rodriguez* actions.

## **DISCUSSION**

As a starting point, the City takes issue with the overbreadth of plaintiffs' document requests. This Court surmises that plaintiffs propounded broad requests to encompass all discovery in the *Rendon* and *Rodriguez* actions. To address the City's concern, plaintiffs could have propounded document requests to seek specific types of discovery, such as all propounded interrogatories, document requests, and responses, depositions, etc. In the end, the City would face requests to produce, in essence, all discovery in the *Rendon* and *Rodriguez* actions. The City's complaint of overbreadth does not go far.

Putting aside its overbreadth argument, the City, at plaintiffs' expense, agrees to produce non-confidential documents, including the police reports and event reports, and non-sealed deposition transcripts. The City fails to describe specifically the documents which it will produce and to explain why it will not produce sealed deposition transcripts when they can be sealed in this action as well as in the *Rendon* and *Rodriguez* actions.

The City's privilege log and Cpt. Rhames and Lt. Reid's declarations are the most troubling aspects of the City's response to plaintiffs' document requests. The privilege log and declarations offer little and generally point to personnel records, internal affairs investigations, policy and procedure sections, and transcripts which have been sealed or contain confidential information. Such over-generalized descriptions fail to adequately identify specific documents to which the City attempts to cloak with privilege. This Court understands plaintiffs' frustration in that this Court likewise is unable to decipher that to which the City attempts to attach a privilege. The City fails to provide necessary information to describe documents and application of potential privileges. The City gives no insight as

to the number of documents or pages at issue. The City asks this Court to address unknown qualities and quantities of documents at issue. The City suggests that this Court conduct an in camera review but the City's privilege log lacks sufficient specificity to warrant the need. To satisfy its discovery obligations, the City must produce documents subject to the plaintiffs' document requests or provide a revised, adequate privilege log.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court ORDERS the City, no later than January 10, 2007, to:

1. MAKE AVAILABLE to plaintiffs to photocopy, at their expense, all documents subject to plaintiffs' document requests nos. 1 and 2 which the City has agreed to produce and to which the City asserts no privilege or waives application of potential privileges; and

2. SERVE a revised privilege log to provide for each withheld document for which privilege is claimed:
    a. The document's general nature and description;
    b. Identity and position of its author;
    c. Date it was written;
    d. Identity and position of all addressees and recipients;
    e. Document's present location; and
    f. Specific reasons why it was withheld, that is, privilege invoked and grounds thereof.

IT IS SO ORDERED.

Dated:   **December 20, 2006**            **/s/ Lawrence J. O'Neill**
66h44d                                      UNITED STATES MAGISTRATE JUDGE