James D. Weakley, Esq.      Bar No. 082853
THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California  93710

Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, CITY OF FRESNO, JERRY DYER, CHIEF OF THE FRESNO POLICE DEPARTMENT; SGT. MICHAEL MANFREDI; OFFICER MARCUS K. TAFOYA; OFFICER BELINDA ANAYA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE E. MARTINEZ, In Behalf of Herself and all Similarly Situated. RALPH C. RENDON, in Behalf of Himself and all Similarly Situated. <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FRESNO, JERRY DYER, Chief of the Fresno Police Department; SGT. MICHAEL MANFREDI; OFFICER MARCUS K. TAFOYA, and Does 1-20 in their official and capacities, inclusive, <br><br> Defendants. | CASE NO. 1:06 CV 00233 OWW TAG <br><br> **AMENDED STIPULATED PROTECTIVE ORDER** <br><br> Complaint Filed: March 1, 2006 <br> Trial Date: April 8, 2008 |

WHEREAS, the CITY OF FRESNO ("CITY") believes, in good faith, that the following documents requested by the Plaintiffs RALPH C. RENDON and LUPE E. MARTINEZ, contain information that is: (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence:

All confidential documents produced in discovery in *Rendon/Rodriguez v. City of Fresno*, USDC Case No. 1:05-CV-00661 OWW DLB (consolidated with 1:05-CV-01017 OWW DLB) including:

1.  Fresno Police Department Policies and Procedures;
2.  Internal Affairs files and reports relating to Sgt. Michael Manfredi and Officer Marcus Tafoya;
3.  Personnel files of Sgt. Michael Manfredi and Officer Marcus Tafoya;
4.  Tort Claims relating to Sgt. Michael Manfredi and Officer Marcus Tafoya;
5.  Sealed deposition transcripts of Internal Affairs Department witnesses; and
6.  Miscellaneous officer involved shooting investigations and other police reports.

IT IS HEREBY STIPULATED, by, among and between the parties hereto through their counsel of record, that the documents described above may be designated as "Confidential" by the CITY and produced subject to the following Protective Order:

1.  The disclosed documents shall be used solely in connection with the civil case of *Lupe E. Martinez, et al., v. City of Fresno, et al.*, Case No. 1:06 CV 00233 OWW LJO (E.D. Cal.), and in the preparation and trial of this case, or any related proceeding. The CITY is not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trial of this matter. Documents submitted that were under seal in *Rendon/Rodriguez*, remain under seal in this action.

2.  A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential." If any "Confidential" materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

3.  Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

    a) Counsel for Plaintiff RALPH C. RENDON;
    b) Counsel for Plaintiff LUPE E. MARTINEZ;
    c) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

d) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

e) Any expert, consultant or investigator retained in connection with this action;

f) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

g) Plaintiff, RALPH C. RENDON, only to the extent reasonably necessary to assist his counsel in this litigation or for his counsel to advise him with respect to the litigation. Plaintiff, RALPH C. RENDON, is not to disclose "Confidential" information or materials to any other persons without prior court permission or by prior stipulation by the CITY.

h) Plaintiff, LUPE E. MARTINEZ, only to the extent reasonably necessary to assist her counsel in this litigation or for her counsel to advise her with respect to the litigation. Plaintiff, LUPE E. MARTINEZ, is not to disclose "Confidential" information or materials to any other persons without prior court permission or by prior stipulation by the CITY.

4. Prior to the disclosure of any Confidential information to any person identified in paragraph 3(d), each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. Plaintiffs shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given. The CITY may not request the identities of said individuals, however, until the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiffs, or an agent thereof, has breached the Stipulated Protective Order.

5.  All documents or materials designated as "Confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as "Confidential," that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or other information:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

6.  The designation of information as "Confidential," and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

7.  A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to so applying, the party seeking to reclassify "Confidential" information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

8.  a) Plaintiffs shall notify counsel for the CITY the specific number of copies of documents marked Confidential they seek for production. Said number of copies shall constitute the number of copies that Plaintiffs reasonably believe are needed in preparation of their case, including any copies for attorney work product, copies for experts, one copy of the Master Binder (as described in f) below), and copies for court filings. The CITY shall, in a timely manner, produce said number of copies to the Plaintiffs.

    b)  Plaintiffs shall be billed for the copying of the Confidential documents at the CITY's cost.

    c)  If Plaintiffs, in good faith, require additional copies of documents marked "Confidential" in preparation of their case, they shall make a further request to counsel for the

CITY. Upon agreement with counsel for the CITY, copies will be produced in a timely manner to Plaintiffs, pursuant to the procedures of this Stipulated Protective Order. Agreement shall not be unreasonably withheld by counsel for the CITY.

    d)    The CITY shall produce Confidential information to Plaintiff RALPH C. RENDON with a red marking labeled "Ralph C. Rendon, USDC Case No. 1:06 CV 00233 OWW LJO."

    e)    The CITY shall produce Confidential information to Plaintiff LUPE E. MARTINEZ with a red marking labeled "Lupe E. Martinez, USDC Case No. 1:06 CV 00233 OWW LJO."

    f)    If any document or information designated as "confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 3 of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

    9.    Notwithstanding the provisions of paragraph 3, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

    10.    Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the CITY of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

11. After the conclusion of this litigation, all documents, in whatever form stored or reproduced, containing "Confidential" information will remain Confidential, and if filed with the Court, shall remain under seal. All parties also ensure that all persons to whom "Confidential" documents were disclosed shall be returned to counsel for the producing party. The conclusion of this litigation means a termination of the case following applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation, all confidential documents received under the provisions of this Protective Order, including all copies made, shall be tendered back to the attorneys for the CITY in a manner in which the CITY will be able to reasonably identify that all documents were returned.

12. This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Protective Order by Court order for good cause shown or by the parties' stipulation.

13. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

DATED: April 10, 2007

WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP

By: /s/ James D. Weakley
James D. Weakley
Attorneys for Defendants

DATED: April 10, 2007

KAPETAN BROTHERS

By: /s/ Peter N. Kapetan
Peter N. Kapetan
Attorneys for Plaintiff, RALPH C. RENDON

DATED: April 10, 2007              DREYER, BABISH, BUCCOLA & CALLAHAM

                                   By:   /s/ Charles M. Barrett
                                         Charles M. Barrett
                                         Attorneys for Plaintiff, LUPE E. MARTINEZ

**IT IS SO ORDERED.**

DATED: 4/12/2007

_____
UNITED STATES MAGISTRATE JUDGE