James D. Weakley, Esq.      Bar No. 082853
Erica M. Camarena, Esq.     Bar No. 227981

THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California   93710

Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, CITY OF FRESNO, JERRY DYER, CHIEF OF THE FRESNO POLICE DEPARTMENT; SGT. MICHAEL MANFREDI; OFFICER MARCUS K. TAFOYA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE E. MARTINEZ, In Behalf of Herself and all Similarly Situated. RALPH C. RENDON, in Behalf of Himself and all Similarly Situated.<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FRESNO, JERRY DYER, Chief of the Fresno Police Department; SGT. MICHAEL MANFREDI; OFFICER MARCUS K. TAFOYA, and Does 1-20 in their official and capacities, inclusive,<br><br>Defendants. | CASE NO.  1:06-CV-00233 OWW TAG<br><br>**STIPULATED PROTECTIVE ORDER RE: DOCUMENTS FROM ADMINISTRATIVE HEARING(S)**<br><br>Complaint Filed: March 1, 2006<br>Trial Date:  April 8, 2008 |

WHEREAS, the CITY believes, in good faith, that the following documents requested by the Plaintiff, Ralph Rendon (*Requests for Production of Documents, Set 6, Nos. 49 and 50*), contain information that is: (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence: Documents from Administrative Hearing(s).

IT IS HEREBY STIPULATED, by, among and between the parties hereto through their counsel of record, that the documents described above may be designated as

"Confidential" by the CITY OF FRESNO and produced subject to the following Protective Order:

1. The disclosed documents shall be used solely in connection with the civil cases of *Claudia Rendon, et al., v. City of Fresno, et al.*, Case No. 1:06-cv-01851-OWW-SMS (E.D. Cal.) and *Lupe E. Martinez, et al v. City of Fresno*, Case No. 1:06 CV 00233 OWW LJO, (E.D. Cal.) and in the preparation and trial of the cases, or any related proceeding. The CITY is not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trials of the matters. Any documents submitted in related litigation that were under seal, remain under seal in this action.

2. A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential." If any "Confidential" materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

3. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

a) Peter N. Kapetan, counsel for Plaintiffs CLAUDIA RENDON, GEORGE RENDON, PRISCILLA RENDON, LAWRENCE RENDON, RICARDO RENDON, JOHN NUNEZ, JR., ALFRED HERNANDEZ, and VIVIAN CENTENO; and for plaintiff RALPH RENDON in the related case *Lupe E. Martinez, et al v. City of Fresno*, Case No. 1:06 CV 00233 OWW LJO, (E.D. Cal.);

b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

c) Charles M. Barrett, counsel for LUPE E. MARTINEZ, from the related case, *Lupe E. Martinez, et al v. City of Fresno*, Case No. 1:06 CV 00233 OWW LJO, (E.D. Cal.);

d) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (c) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

e)   Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

f)   Any expert, consultant or investigator retained in connection with this action;

g)   The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel.

4.   Prior to the disclosure of any Confidential information to any person identified in paragraph 3, each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read.  Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms.  Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt.  Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.  Plaintiff shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given.  The CITY OF FRESNO may not request the identities of said individuals, however, until the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiffs, or an agent thereof, has breached the Stipulated Protective Order.

5.   All documents or materials designated as "Confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as "Confidential," that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or other information:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

6.   The designation of information as "Confidential," and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

7.  A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to so applying, the party seeking to reclassify "Confidential" information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

8.  <u>Copies of Confidential Documents</u>

The following procedures shall be utilized by the parties in production of documents and materials designated "Confidential":

a)  Plaintiffs' counsel shall receive one copy of the Confidential documents.

b)  Plaintiffs' counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the confidential documents to any source without further order of the Court or authorization from counsel for the City of Fresno.

c)  If Plaintiffs, in good faith, require additional copies of documents marked "Confidential" in preparation of their case, they shall make a further request to counsel for the CITY OF FRESNO. Upon agreement with counsel for the CITY OF FRESNO, copies will be produced in a timely manner to Plaintiffs, pursuant to the procedures of this Stipulated Protective Order. Agreement shall not be unreasonably withheld by counsel for the CITY.

d)  Plaintiffs shall be billed for the copying of the Confidential documents at the City's cost.

e)  Defendants shall produce documents and material marked "Confidential" to plaintiff with a red marking on each page labeled:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER. PETER N. KAPETAN, ESQ."and

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER.
CHARLES M. BARRETT, ESQ."

f)  If any document or information designated as "confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order.  The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 5 of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

9.  Notwithstanding the provisions of paragraph 3, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

10.  Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the CITY OF FRESNO of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

11.  After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced, containing "Confidential" information will remain confidential, and if filed with the Court, shall remain under seal.  All documents and materials produced to plaintiff pursuant to this stipulated protective order shall be returned to counsel for the CITY OF FRESNO in a manner in which counsel will be able to reasonably verify that all documents were returned.  All parties also ensure that all persons to whom "Confidential" documents or materials were disclosed shall be returned to counsel for defendants.  The conclusion of this litigation means a termination of the case following trial or settlement.

12. No later than 30 days of settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, all persons having received the confidential documents shall return said documents to counsel for the CITY OF FRESNO.

13. If any party appeals a jury verdict or order terminating the case, Plaintiffs' counsel shall retain possession of all confidential documents pending final outcome of the appeal after which they shall be returned to counsel for the City of Fresno.

14. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good cause shown or by the parties' stipulation.

15. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

DATED: October 11, 2007

WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP

By:   /s/ James D. Weakley
James D. Weakley
Attorneys for Defendants

DATED: October 11, 2007

KAPETAN BROTHERS

By:   /s/ Peter N. Kapetan
Peter N. Kapetan
Attorneys for Plaintiffs, CLAUDIA RENDON, GEORGE RENDON, PRISCILLA RENDON, LAWRENCE RENDON, RICARDO RENDON, JOHN NUNEZ, JR., ALFRED HERNANDEZ, and VIVIAN CENTENO; and Plaintiff RALPH RENDON

///

Stipulated Protective Order re: Admin Hrgs.                    6

1  DATED: October 11, 2007            DREYER, BABISH, BUCCOLA & CALLAHAM

2

3                                     By:    /s/ Charles M. Barrett
                                             Charles M. Barrett
4                                            Attorneys for Plaintiff LUPE E. MARTINEZ

5
   IT IS SO ORDERED.
6
   Dated:  **October 15, 2007**                      **/s/ Theresa A. Goldner**
7                                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28