1

**P O R T E R  |  S C O T T**

A PROFESSIONAL CORPORATION

2   Terence J. Cassidy, SBN 99180
350 University Ave., Suite 200

3   Sacramento, California 95825
TEL: 916.929.1481

4   FAX: 916.927.3706

5   ATTORNEYS FOR:  Defendants CITY OF FRESNO, JERRY DYER, BELINDA ANAYA

6

7                    **UNITED STATES DISTRICT COURT**

                    **EASTERN DISTRICT OF CALIFORNIA**

8

9   LUPE E. MARTINEZ, In Behalf of          Case No.  06-0233 OWW GSA
    Herself  and  all  Similarly  Situated.    Consolidated with Case No.: 06-1851

10  RALPH C. RENDON, in Behalf of
    Himself and all Similarly Situated,

11                                              **STIPULATED PROTECTIVE ORDER**

12  vs.

13  CITY OF FRESNO, JERRY DYER, Chief
    of the Fresno Police Department; SGT.

14  MICHAEL  MANFREDI;  OFFICER
    MARCUS K. TAFOYA, and Does 1-20,

15  in their official and capacities, inclusive

16         Defendants.

    _____/

17  CLAUDIA  RENDON,  GEORGE
    RENDON,  PRISCILLA  RENDON,

18  LAWRENCE  REN  DON,  RICARDO
    RENDON, JOHN NUNEZ, JR., ALFRED

19  HERNANDEZ and VIVIAN CENTENO,

20  vs.

21  CITY  OF  FRESNO,  JERRY  DYER,
    individually and in his official capacity as

22  the  Chief  of  Police  for  Fresno  Police
    Department;  MICHAEL  MANFREDI,

23  individually and in his official capacity as
    Police  Sergeant  for  the  Fresno  Police

24  Department;  MARCUS  K.  TAFOYA,
    individually and in his official capacity as

25  Police  Officer  for  the  Frenso  Police
    Department;  BELINDA  ANAYA,

26  individual  and  in  her  official  capacity as
    Police  Officer  for  the  Fresno  Police

27  Department, and Does 1-20, inclusive

28         Defendants.

    _____/

                            1

1  Defendant CITY OF FRESNO in good faith believes that the following documents

2  requested by Plaintiffs CLAUDIA RENDON, GEORGE RENDON, PRISCILLA RENDON,

3  LAWRENCE RENDON, RICARDO RENDON, JOHN NUNEZ, JR., ALFRED

4  HERNANDEZ and VIVIAN CENTENO contain information that is (a) confidential,

5  sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known;

6  and, ( c) not normally revealed to the public or third parties or, if disclosed to third parties,

7  would require such third parties to maintain the information in confidence:

8      1.      Personnel records of Defendant Fresno Chief of Police Jerry Dyer;

9      2.      Disciplinary history;

10      3.      Training records.

11      IT IS HEREBY STIPULATED by, among and between the parties through their

12  counsels of record that the documents described herein may be designated as "Confidential"

13  by the CITY and produced subject to the following Protective Order:

14      1.      The disclosed documents shall be used solely in connection with the

15  consolidated civil cases of *Claudia Rendon, et al. v. City of Fresno, et al.* and *Lupe E.*

16  *Martinez et al. v. City of Fresno, et al.*, Case No. 1:06 CV 00233 OWW DJB (E.D. Cal.) and

17  in the preparation and trial of the cases, or any related proceeding.  The CITY does not waive

18  any objections to the admissibility of the documents or portions thereof in future proceedings

19  in this case, including trial.  Any documents submitted in any related litigation that were

20  under seal remain under seal in this action.

21      2.      A party producing the documents and materials described herein may designate

22  those materials as confidential by affixing a mark labeling them "Confidential."  If any

23  confidential materials cannot be labeled with this marking, those materials shall be placed

24  in a sealed envelope or other container that is in turn marked "Confidential" in a manner

25  agree upon by the disclosing and requesting parties.

26      3.      Documents or materials designated under this Protective Order as

27  "Confidential" may only be disclosed to the following persons:

28  ///

2

1
        (a)    Peter N. Kapetan, counsel for Plaintiffs CLAUDIA RENDON,

2 GEORGE RENDON, PRISCILLA RENDON, LAWRENCE RENDON, RICARDO

3 RENDON, JOHN NUNEZ, JR., ALFRED HERNANDEZ, VIVIAN CENTENO and

4 RALPH RENDON in the consolidated cases enumerated above.

5
        (b)    Roger A. Dreyer, counsel for LUPE E. MARTINEZ in the consolidated

6 cases enumerated above.

7
        ( c)    Barbara Huff and Dana A. Fox, counsel for Defendants MICHAEL

8 MANFREDI and MARCUS K. TAFOYA in the consolidated cases enumerated above.

9
        (d)    Paralegal, clerical and secretarial personnel regularly employed by

10 counsel referred to in subparts (a), (b) and ( c) immediately above, including stenographic

11 deposition reporters or videographers retained in connection with this action;

12
        (e)    Court personnel, including stenographic reporters or videographers

13 engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil

14 action;

15
        (f)    Any expert, consultant or investigator retained in connection with this

16 action; and,

17
        (g)    The finder of fact at the time of trial, subject to the court's ruling on *in*

18 *limine* motions and objections of counsel.

19
        4.    Prior to the disclosure of any Confidential information to any person identified

20 in paragraph 3 and it subparts, each such recipient of Confidential information shall be

21 provided with a copy of this Stipulated Protective Order, which he or she shall read.  Upon

22 reading this Stipulated Protective Order, such person shall acknowledge in writing that he

23 or she has read this Stipulated Protective Order and shall abide by its terms.  Such person also

24 must consent to be subject to the jurisdiction of the United States District Court for the

25 Eastern District of California, including without limitation any proceeding for contempt.

26 Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of

27 the material, shall be in effect until further order of this Court.  Plaintiffs shall be responsible

28 for internally tracking the identities of those individuals to whom copies of documents

marked Confidential are given.  The CITY may request the identities of said individual upon the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiffs, or an agent thereof, has breached the terms of the Stipulated Protective Order.

5.     All documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, and all papers or documents containing information or materials designated as "Confidential" that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or information: "This envelope is sealed pursuant to the order of the Court and contains Confidential information filed in this case by [name of party] and is not to be opened nor the contend thereof displayed or revealed except by order of the Court."

6.     The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

7.     A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential.  Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party.  Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order.  The producing party shall have the burden of establishing the propriety of the "Confidential" designation.  A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

8.     Copies of Confidential Documents

The following procedures shall be utilized by the parties in production of documents and materials designated as "Confidential":

(a)     Plaintiffs' counsel shall receive one copy of the Confidential documents.

(b)     Plaintiffs' counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the confidential documents to any source

4

1   without further order of the Court or authorization from counsel for the City of Fresno.

2          ( c )    If Plaintiffs in good faith require additional copies of documents marked

3   "Confidential" in preparation of their case, they shall make a further request to counsel for

4   the CITY.  Upon agreement with counsel for the CITY, copies will be produced in a timely

5   manner to Plaintiffs, pursuant to the procedures of this Stipulated Protective Order.

6   Agreement shall not be unreasonably withheld by counsel for the CITY.

7          (d)    Plaintiffs shall be billed for the copying of the Confidential documents

8   at the City's cost.

9          (e)    Defendants   shall   produce   documents   and   material   marked

10  "Confidential" to Plaintiffs.

11         (f)    If any document or information designated as confidential pursuant to

12  this Stipulated Protective Order is used or disclosed during the course of a deposition, that

13  portion of the deposition record reflecting such material shall be stamped with the

14  appropriate designation and access shall be limited pursuant to the terms of this Stipulated

15  Protective Order.  The Court reporter for the deposition shall mark the deposition transcript

16  cover page and all appropriate pages or exhibits and each copy thereof, in accordance with

17  paragraph 5 of this Stipulated Protective Order.  Only individuals who are authorized by this

18  Protective Order to see or receive such material may be present during the discussion or

19  disclosure of such material.

20         9.    Notwithstanding the provisions of Paragraph 3, confidential information

21  produced pursuant to this Protective Order may not be delivered, exhibited or otherwise

22  disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine

23  or other media organization.

24         10.    Should any information designated confidential be disclosed, through

25  inadvertence or otherwise, to any person not authorized to receive it under this Protective

26  Order, the disclosing person(s) shall promptly (a) inform the CITY of the recipient(s) and the

27  circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use

28  best efforts to bind the recipient(s) to the terms of this Protective Order.  No information

1  shall lose its confidential status because it was disclosed to a person not authorized to receive

2  it under this Protective Order.

3          11.     After the conclusion of this litigation, all documents and materials, in whatever

4  form stored or reproduced containing confidential information will remain confidential, and

5  if filed with the Court shall remain under seal.  All documents and materials produced to

6  Plaintiffs pursuant to this Stipulated Protective Order shall be returned to counsel for the

7  CITY in a manner in which counsel will be able to reasonably verify that all documents were

8  returned.  All parties all agree to ensure that all persons to whom confidential documents or

9  materials were disclosed shall be returned to counsel for the CITY.  The conclusion of this

10  litigation means a termination of the case following a trial or settlement.

11          12.     No later than 30 days after settlement or of receiving notice of the entry or an

12  order, judgment, or decree terminating this action, all persons having received the

13  confidential documents shall return said documents to counsel for the CITY.

14          13.     If any party appeals a jury verdict or order terminating the case, counsel for the

15  CITY  shall maintain control of all copies of confidential documents.  If following an appeal

16  a new trial is ordered, the documents shall be returned to counsel for Plaintiffs.

17          14.     This Stipulated Protective Order shall remain in full force and effect and shall

18  continue to be binding on all parties and affected persons after this litigation terminates,

19  subject to any subsequent modifications of this Stipulated Protective Order for good cause

20  shown by this Court or any Court having jurisdiction over an appeal of this action.  After this

21  action terminates, any party may seek to modify or dissolve this Stipulated Protective Order

22  by Court order for good cause shown or by the stipulation of the parties.

23          15.     The Court shall retain jurisdiction, even after this lawsuit terminates (a) to

24  make such amendments, modifications and additions to this Protective Order as it may from

25  time to time deem appropriate upon good cause shown; and, (b) to adjudicate any dispute

26  respecting the improper use or disclosure of confidential material.

27  ///

28  ///

6

1    Dated: _____         KAPETAN BROTHERS

2

3

4                                     By _____
                                         Peter N. Kapetan
5                                        Attorney   for   Plaintiffs    CLAUDIA
                                         RENDON,     GEORGE     RENDON,
6                                        PRISCILLA   RENDON,  LAWRENCE
                                         RENDON, RICARDO RENDON, JOHN
7                                        NUNEZ, JR., ALFRED HERNANDEZ
                                         and VIVIAN CENTENO
8

9
     Dated: _____         DREYER,     BABICH,    BUCCOLA &
10                                    CALLAHAM

11

12

13                                    By _____
                                         Roger A. Dreyer
                                         Attorney for Plaintiff LUPE MARTINEZ
14

15

16   Dated: _____         LYNBERG & WATKINS

17

18

19                                    By _____
                                         Barbara S. Huff
                                         Dana A. Fox
20                                       Attorney   for   Defendants    MICHAEL
                                         MANFREDI and MARCUS TAFOYA
21

22

23
     Dated: _____        PORTER SCOTT
24                                    A PROFESSIONAL CORPORATION

25

26                                    By _____
                                         Terence J. Cassidy
27                                       Attorney for Defendants
                                         CITY OF FRESNO, JERRY DYER and
28                                       BELINDA ANAYA

                                     7
     00614899.WPD        STIPULATED PROTECTIVE ORDER RE: DYER RECORDS

1

2

IT IS SO ORDERED.

3

**Dated:    December 2, 2008**              /s/ Oliver W. Wanger
4                                           UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00614899.WPD        **STIPULATED PROTECTIVE ORDER RE: DYER RECORDS**