# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE E. MARTINEZ, In Behalf of Herself and all Similarly Situated, and RALPH C. RENDON, In Behalf of Himself and all Similarly Situated.<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF FRESNO; JERRY DYER, CHIEF OF THE FRESNO POLICE DEPARTMENT; SGT. MICHAEL MANFREDI; OFFICER MARCUS K. TAFOYA; OFFICER BELINDA ANAYA, and DOES 1-20, in their individual and official capacities, Inclusive,<br><br>　　　　　　　Defendants. | Case No. 1:06cv0233 OWW GSA<br>Consolidated Case No. 1:06cv1851 OWW GSA<br><br>ORDER RE MOTION TO COMPEL RESPONSES BY DEFENDANT MICHAEL MANFREDI TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET NO. ONE<br><br>(Document 135) |

**INTRODUCTION**

On December 9, 2008, Plaintiffs filed the instant motion to compel responses by Defendant Michael Manfredi to Plaintiffs' Special Interrogatories, Set No. One. The parties filed a Joint Statement of Discovery Disagreements Re: Plaintiffs' Motion to Compel on January 13, 2009. Finding the matter appropriate for decision without oral argument, the Court vacated the January 16, 2009 hearing. As discussed more fully below, Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part.

///

# BACKGROUND

Plaintiffs Lupe E. Martinez and Ralph C. Rendon, initially proceeding pro se, filed the present civil rights action on March 1, 2006.  In September 2006, Plaintiffs retained counsel.  Plaintiffs filed a First Amended Complaint on January 30, 2007.  Plaintiffs alleged violations of 42 U.S.C. § 1983 (unreasonable search and seizure and unreasonable use of force via the Fourth and Fourteenth Amendments), false imprisonment, California Civil Code § 52, California Civil Code § 52.1 and malicious prosecution against the City of Fresno, Fresno Police Chief Jerry Dyer, Sgt. Michael Manfredi, Officer Marcus Tafoya and Officer Belinda Anaya.

The action arises out of an incident on March 5, 2005.  According to the complaint, Plaintiffs were at a welcome home party for their relative, Plaintiff George Rendon, who had returned from the war in Iraq.  At the party, two men exchanged words and family members separated them.  During the restraining of the two men, twelve to fifteen police officers from the Fresno Police Department arrived.  The police officers began hitting people with batons and using unreasonable force.  Defendants Tafoya, Anaya and Manfredi, along with other police officers, entered the home, hitting people with batons and throwing people to the floor.  Several people were hospitalized as a result of the injuries.  In addition, Plaintiffs and several other people were arrested.  Defendants allegedly used excessive force in seizing and arresting Plaintiffs.

Plaintiffs claimed that Defendants Manfredi, Tafoya and Anaya wrote police reports regarding the incident that contained false and misleading information.  Plaintiffs further alleged that both Defendant Manfredi and Tafoya had previous histories of extensive force and illegal police conduct, which was well documented and known by the Fresno Police Department.  Plaintiffs also alleged that Defendant Dyer and Defendant City were well aware of Defendant Manfredi and Defendant Tafoya's history of excessive force and illegal police conduct, tolerated said conduct, retained these officers, covered up the illegal activity and encouraged the conduct.

In November 2007, the matter was consolidated with *Claudia Rendon et al. v. City of Fresno*, 1:06-cv-1851 OWW GSA, which arises out of the same incident of March 5, 2005.

On October 3, 2008, Plaintiffs Ralph C. Rendon, Claudia Rendon, Lawrence Rendon, Ricardo Rendon, John Nunez, Jr., Alfred Hernandez and Vivian Centeno served Special Interrogatories to Defendant Michael Manfredi, Set No. One.  Exhibit B to Joint Statement. Defendant Manfredi responded to the Special Interrogatories, Set One, on November 21, 2008.  Exhibit D to Joint Statement.

On October 3, 2008, Plaintiffs served their Demand for Production of Documents, Set No. One, on Defendant Manfredi.  Exhibit C to Joint Statement.  On November 21, 2008, Defendant Manfredi responded to the Demand for Production of Documents, Set No. One. Exhibit E to Joint Statement.

On December 9, 2008, Plaintiffs filed the instant motion to compel responses by Defendant Manfredi to Plaintiffs' Special Interrogatories, Set No. One.  (Doc. 125).  Plaintiffs also seek Rule 11 sanctions.  The parties filed a Joint Statement of Discovery Disagreements Re: Plaintiffs' Motion to Compel on January 13, 2009.  (Doc. 138).

## DISCUSSION

I.   Discovery Requests

   A.   Federal Rule of Civil Procedure 37

   Federal Rule of Civil Procedure 37 provides as follows:

   (a) Motion for an Order Compelling Disclosure or Discovery.

      (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
      . . .

      (5) Payment of Expenses; Protective Orders.

         (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).  If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

            (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

3

     (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

     (iii) other circumstances make an award of expenses unjust.

  B. Analysis

As background, Plaintiffs explain that Defendant City released internal documents regarding complaints and disciplinary actions instituted against Defendants Manfredi and Tafoya. Plaintiffs indicate that there were approximately 25 Internal Affairs Investigations and dozens of Inquiries and/or Citizen Complaints. Defendant City terminated Defendant Manfredi due to various allegations of misconduct.

On September 8, 2008, Defendant Manfredi filed a civil complaint against the City of Fresno and Police Chief Jerry Dyer in Fresno County Superior Court. *See* Exhibit A to Joint Statement. In his complaint, Defendant Manfredi alleged that he served on the Police Department's Civil Liability Unit, which evaluated facts and circumstances potentially giving rise to civil liability and gave recommendations to Defendant Dyer. Defendant Manfredi alleged that he was taken off the Civil Liability Unit after he expressed opinions to the effect that the Department was permitting violations of civil rights and was not taking appropriate steps to prevent or deter such violations. Defendant Manfredi also alleged that he voiced concerns and disapproval of policy changes which reclassified certain types of crimes. Defendant Manfredi further alleged that he testified in a criminal case at the request of the defense and revealed that officers had prepared untruthful reports.

Plaintiffs contend that many of Defendant Manfredi's allegations in his civil action mirror the allegations in this matter. Plaintiffs further explain that their Special Interrogatories seek information regarding the allegations made in Defendant Manfredi's state complaint. Plaintiffs indicate that the interrogatories are grouped in threes relating to a specific area of inquiry. The Court turns to the specific interrogatories.

1.     <u>Interrogatories 1-3</u>

Plaintiffs contend that Defendant Manfredi's responses to these interrogatories are "woefully inadequate."  Defendant contends that he provided plaintiffs with adequate responses to interrogatories one, two and three.

Special Interrogatory number one asks for all facts which support Defendant Manfredi's contention that the Fresno City Police Department "was permitting violations of civil rights and was not taking appropriate steps to prevent or deter such violations." Exhibit B to Joint Statement.  Defendant responded: "Defendant Manfredi informed various Fresno County Police Department ("FCPD") staff members of incidents of excessive force. See Complaint for additional facts." Exhibit D to Joint Statement, p. 3.  Plaintiffs argue this is a conclusory statement.  The Court agrees.

Plaintiffs also assert that the response lacks specifics, such as the timeframe, the officers involved, the specifics of the allegations, staff members he reported the incident(s) to or other facts.  Plaintiffs further argue that Defendant Manfredi improperly referenced his unverified complaint.

The Court finds Defendant's responses incomplete.  Defendant shall provide the facts contained in his state court complaint that are responsive to Plaintiffs' interrogatory, including specific facts indicating how the people identified in response to interrogatory number three relate to his contention.

Special Interrogatory number two asks Defendant Manfredi to identify all documents which support his contention set forth in Special Interrogatory No. 1.  Exhibit B to Joint Statement.  Defendant responded: "Other than his DFEH complaint and Government Tort Claim, Defendant Manfredi does not have possession, control or custody of documents supporting his contention and accordingly, cannot respond to this interrogatory." Exhibit D to Joint Statement, p. 4. Plaintiffs argue that Defendant Manfredi improperly attempted to limit the response to documents within his possession, control or custody.  The Court agrees.  The interrogatory is not limited to identification of documents in Defendant Manfredi's possession,

custody and control.  To the extent Defendant Manfredi is aware of documents responsive to this interrogatory, he shall identify them.

Special Interrogatory number three asks for the names, addresses and telephone numbers of all persons who have information supporting Defendant's contention regarding civil rights violations.  Exhibit B to Joint Statement.  In response, Defendant Manfredi listed ten individuals and referenced "various persons not identified at present."  Exhibit D to Joint Statement, p. 4.

Plaintiffs argue the Manfredi has failed to state the addresses and phone numbers of the individuals specifically identified.  Plaintiffs also argue that the phrase regarding various persons is vague and ambiguous.

Contrary to Defendant Manfredi's assertion, his response was inadequate and he has failed to provide addresses and phone numbers for the identified individuals.  Defendant Manfredi shall provide a complete response, including the requested addresses and phone numbers.

2.   Interrogatories 4-6

Plaintiffs explain that interrogatories four, five and six request information regarding Defendant Manfredi's contention that the police department instituted "policy changes which reclassified certain types of crimes or incidents."  As to these interrogatories, Defendant Manfredi objected, stating that the interrogatories "seek information which is not relevant to any party's claim or defense in this action."  Exhibit D to Joint Statement, pp. 4-5.

Pursuant to Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  Relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1) (scope of discovery).

To establish relevance, Plaintiffs argue that Defendant Manfredi is contending in his State complaint that the Fresno Police Department is improperly and deceitfully reclassifying certain types of crimes to improve its crime statistics and obtain a monetary benefit.  Plaintiffs

claim that the Fresno Police Department's credibility and veracity are at issue in the instant matter.

Defendant Manfredi counters and claims that the remoteness of the facts supporting his contentions in the state case warrants a limitation on discovery. Defendant argues that Plaintiffs' claims do not rely on the allegations raised by Defendant in his civil lawsuit and merely alleging that the credibility and veracity of the Fresno Police Department is at issue does not satisfy the burden of establishing how the information sought would lead to admissible evidence. In short, Defendant argues that the information requested is not relevant and is not likely to lead to the discovery of admissible evidence. The Court agrees. There is no indication that the information related to Defendant Manfredi's contentions regarding the alleged improper classification of certain types of crimes or incidents is relevant or reasonably calculated to lead to the discovery of admissible evidence.

       3.      <u>Interrogatories 7-9</u>

Plaintiffs explain that interrogatories seven, eight and nine relate to Manfredi's contention that the reclassification of certain types of crimes by the Fresno Police Department was done to improve Fresno Police Department statistics and to award bonuses by the Fresno City Council. As to these interrogatories, Defendant Manfredi objected on the grounds that they seek "information which is not relevant to any party's claim or defense in this action." Exhibit D to Joint Statement, pp. 5-6.

Plaintiffs argue that Defendant Manfredi has implied that the Fresno Police Department has improperly reclassified certain crimes or incidents so that Department heads can fraudulently obtain bonus monies. Plaintiffs argue that the specifics of this information are relevant to the present case or reasonably calculated to lead to the discovery of admissible evidence. The Court disagrees. It is unclear how Defendant Manfredi's allegations regarding improper classification of certain types of crimes or incidents so that department heads can fraudulently obtain bonus monies is relevant to the instant action or is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b) (scope of discovery).

4. <u>Interrogatories 10-12</u>

Plaintiffs explain that interrogatories ten, eleven and twelve seek information regarding Defendant Manfredi's allegation that he "testified in a criminal case at the request of the defense revealing that officers had prepared untruthful reports" and that "he had previously been subjected to criticism for similar incidents of truthful testimony in opposition to other law enforcement officers."

In response to interrogatory ten, Defendant Manfredi responded "See Complaint for facts." Plaintiffs argue that the complaint does not provide specific responsive facts. The Court agrees. Defendant Manfredi shall provide specific responsive facts supporting his contentions.

In response to interrogatory eleven, which sought identification of documents supporting the contention, Defendant Manfredi responded that, other than his DFEH complaint and Government Tort Claim, he did not have possession, control or custody of documents supporting his contention. Defendant Manfredi does not address this interrogatory in the joint statement. However, his interrogatory response does not appear complete. To the extent that Defendant Manfredi is aware of additional documents supporting his contention, he shall identify those documents in response to interrogatory eleven.

In response to interrogatory twelve, Defendant Manfredi identified 10 people and referenced "various persons not identified at present." He did not provide telephone numbers and addresses. Accordingly, Defendant Manfredi shall provide a complete response, including telephone numbers and addresses.

5. <u>Interrogatories 13-15</u>

Plaintiffs explain that interrogatories thirteen, fourteen and fifteen request information regarding Defendant Manfredi's allegation that he had been subject to discrimination or retaliation by the City of Fresno. Defendant Manfredi asserted that he was discriminated against because he was not Hispanic. In response to interrogatory thirteen, Defendant Manfredi stated "See Response to Interrogatories No. 1 and 10," which essentially refers

1 Plaintiffs to the state complaint.  In response to interrogatories fourteen and fifteen, Defendant
2 Manfredi objected based on relevancy.
3       Plaintiffs argue that Defendant Manfredi's responses are inadequate and the tenor of
4 Defendant's state complaint demonstrates a potential animosity toward Hispanics, which
5 forms the basis of some of Plaintiffs' claims in the present case.
6       Defendant Manfredi claims the interrogatories are wholly irrelevant to this action.
7 The Court disagrees.  Accordingly, Defendant Manfredi shall provide responses to
8 interrogatories thirteen, fourteen and fifteen.  The responses shall not refer Plaintiffs to the
9 state complaint.
10     6.    <u>Interrogatories 16-18</u>
11       Plaintiffs explain that interrogatories sixteen, seventeen and eighteen ask Defendant
12 Manfredi to provide information regarding his contention that the City of Fresno improperly
13 failed to reinstate him to his position as a police officer.  In response to these interrogatories,
14 Defendant Manfredi objected based on relevancy.
15       As noted, the parties dispute the relevancy of these interrogatories.  However, they
16 appear relevant or reasonably calculated to lead to the discovery of admissible evidence
17 related to Plaintiffs' claims against Defendant Manfredi and Defendant City of Fresno.
18     7.    <u>Responses to Request for Production of Documents, Set No. One</u>
19       Plaintiffs explain that the Request for Production of Documents, Set No. One, seeks
20 information supporting Defendant Manfredi's Government Tort Claim filed against the City
21 of Fresno.  Plaintiffs' counsel asserts his suspicion "that there are many more documents that
22 are responsive...than those that were produced."  Plaintiffs' counsel then states that he
23 anticipates revisiting Defendant Manfredi's responses after the issues related to the
24 interrogatories have been resolved.  Accordingly, the Court will not issue an order regarding
25 the Request for Production of Documents, Set No. One, at this time.
26 II.    <u>Rule 11 Sanctions</u>
27       Plaintiffs seek Rule 11 sanctions.  Federal Rule of Civil Procedure 11 requires that
28 sanctions be imposed on the signer of a paper if either (a) the paper is filed for an improper

1  purpose, or (b) the paper is frivolous. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358,
2  1362 (9th Cir. 1990). Rule 26 requires that all responses to interrogatories and requests for
3  production of documents shall be certified by an attorney or a party that the response is, based on
4  a reasonable inquiry, complete and correct. Fed. R. Civ. P. 26(g)(1). If a certification is made
5  without substantial justification, a court shall sanction the person who certified the discovery
6  response. Fed. R. Civ. P. 26(g)(3).

7  Plaintiffs assert that Defendant's position is without merit and he has refused to
8  comply with legitimate discovery requests. Plaintiffs also indicate that they have been forced
9  to file repeated motions to compel. Plaintiffs provide that they have incurred reasonable costs
10 and attorneys' fees in connection with the motion and hearing that total $5,058.75.

11 Defendant Manfredi counters that his responses were wholly compliant with
12 Plaintiffs' discovery requests. Defendant Manfredi further asserts that his conduct should not
13 be punished because Plaintiffs have had discovery disputes with other defendants in this
14 action.

15 Although Defendant Manfredi's responses were, in some instances, incomplete, the
16 Court has determined that he is not required to provide responses to certain of Plaintiffs'
17 discovery requests and certain of his objections had merit. The Court also notes that
18 Plaintiffs' discovery disputes in this matter generally have not involved Defendant Manfredi.
19 For these reasons, the Court declines to impose sanctions.

## CONCLUSION AND ORDER

21 Based on the foregoing, the Court orders as follows:
22 1.   Plaintiffs' motion to compel is GRANTED IN PART and DENIED IN PART.
23 2.   Plaintiffs' request for Rule 11 sanctions is DENIED.
24 IT IS SO ORDERED.

25 Dated:   **January 20, 2009**                     /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE