| | |
|---|---|
| 1 **PORTER | SCOTT**<br>A PROFESSIONAL CORPORATION<br>2 Terence J. Cassidy, SBN 99180<br>Kristina M. Hall, SBN 196794<br>3 350 University Ave., Suite 200<br>Sacramento, California 95825<br>4 TEL: 916.929.1481<br>FAX: 916.927.3706 | |

ATTORNEYS FOR: Defendants CITY OF FRESNO, JERRY DYER, BELINDA ANAYA

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE E. MARTINEZ, In Behalf of Herself and all Similarly Situated. RALPH C. RENDON, in Behalf of Himself and all Similarly Situated,<br><br>vs.<br><br>CITY OF FRESNO, JERRY DYER, Chief of the Fresno Police Department; SGT. MICHAEL MANFREDI; OFFICER MARCUS K. TAFOYA, and Does 1-20, in their official and capacities, inclusive<br><br>    Defendants.<br>_____/<br>CLAUDIA RENDON, GEORGE RENDON, PRISCILLA RENDON, LAWRENCE REN DON, RICARDO RENDON, JOHN NUNEZ, JR., ALFRED HERNANDEZ and VIVIAN CENTENO,<br><br>vs.<br><br>CITY OF FRESNO, JERRY DYER, individually and in his official capacity as the Chief of Police for Fresno Police Department; MICHAEL MANFREDI, individually and in his official capacity as Police Sergeant for the Fresno Police Department; MARCUS K. TAFOYA, individually and in his official capacity as Police Officer for the Frenso Police Department; BELINDA ANAYA, individual and in her official capacity as Police Officer for the Fresno Police Department, and Does 1-20, inclusive<br><br>    Defendants.<br>_____/ | Case No. 06-0233 OWW GSA<br>Consolidated with Case No.: 06-1851<br><br>**STIPULATED PROTECTIVE ORDER** |

1

00669324.WPD STIPULATED PROTECTIVE ORDER RE: R. RENDON PROBATION RECORDS AND PMQ DEPOSITION

Counsel for Defendants CITY OF FRESNO, JERRY DYER and BELINDA ANAYA sought the probation records of Plaintiff RALPH RENDON via a subpoena to the County of Fresno ("COUNTY"), a third party, pursuant to Fed. R. Civ. P. 45. The COUNTY, as the custodian of records for the Fresno County Probation Department, maintains the probation records of Plaintiff RALPH RENDON. The COUNTY also employs the Person Most Qualified from the Probation Department to give deposition testimony regarding the probation records of RALPH RENDON. The COUNTY in good faith believes that the deposition testimony and the following documents requested by Defendants contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and, ( c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the following information in confidence:

1. Records of contact between the Probation Department and Ralph Rendon;
2. Probation hearing reports and special reports;
3. Probation officer reports;
4. All correspondence and communication between the Probation Department and its employees and RALPH RENDON;
5. Testing results;
6. Documents pertaining to registration requirements;
7. File face sheet(s);
8. Probation instructions.

Thus, the COUNTY objected to the subpoena and responded with a privilege log regarding the contents of the sought probation record. The COUNTY did not object to the deposition of the Person Most Qualified to testify regarding the requested probation records. As a showing of good faith and cooperation, and to avoid bringing this matter before the court in a motion to compel the production of the documents, counsel for the COUNTY agreed to produce the requested documents and permit the deposition of the Person Most Qualified to testify in regard thereto, subject to a stipulated protective order.

Therefore, IT IS HEREBY STIPULATED by, among and between the parties through their counsels of record and the COUNTY and its counsel that the documents described herein may be designated as "Confidential" and produced subject to the following Protective Order:

1. The disclosed documents shall be used solely in connection with the consolidated civil cases of *Claudia Rendon, et al. v. City of Fresno, et al.* and *Lupe E. Martinez et al. v. City of Fresno, et al.*, Case No. 1:06 CV 00233 OWW DJB (E.D. Cal.) and in the preparation and trial of the cases, or any related proceeding. Any documents submitted in any related litigation that were under seal remain under seal in this action.

2. A party producing the documents and materials described herein shall designate those materials as confidential by affixing a mark labeling them "Confidential - Subject to Protective Order" ("hereafter, "Confidential"). If any Confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agree upon by the disclosing and requesting parties.

3. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

    (a) Peter N. Kapetan, counsel for Plaintiffs CLAUDIA RENDON, LAWRENCE RENDON, RICARDO RENDON, JOHN NUNEZ, JR., ALFRED HERNANDEZ, VIVIAN CENTENO and RALPH RENDON in the consolidated cases enumerated above;

    (b) Roger A. Dreyer and Charlie Barrett, counsel for LUPE E. MARTINEZ, GEORGE RENDON and PRISCILLA RENDON in the consolidated cases enumerated above;

    (c) Dana A. Fox and Matthew Harrison, counsel for Defendants MICHAEL MANFREDI and MARCUS K. TAFOYA in the consolidated cases enumerated above.

    (d) Terence J. Cassidy, Kristina M. Hall and John R. Whitefleet, counsel for Defendants CITY OF FRESNO, JERRY DYER and BELINDA ANAYA in the

consolidated cases enumerated above;

   (d) Attorneys, paralegals, and clerical and secretarial personnel regularly employed by counsel referred to in subparts (a), (b) and ( c) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

   (e) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

   (f) Any expert, consultant or investigator retained in connection with this action; and,

   (g) The finder of fact at the time of trial, subject to the court's ruling on *in limine* motions and objections of counsel.

  4. Prior to the disclosure of any Confidential information to any person identified in paragraph 3 and its subparts, each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms. Such person also must consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation any proceeding for contempt. Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. The parties shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given. The County may request the identities of said individual upon the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiffs, or an agent thereof, has breached the terms of the Stipulated Protective Order.

  5. All documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, and all papers or documents containing information or materials designated as "Confidential" that are filed with the Court for any purpose shall be filed and

served under seal, with the following statement affixed to the document or information: "This envelope is sealed pursuant to the order of the Court and contains Confidential information filed in this case by [name of party] and is not to be opened nor the contend thereof displayed or revealed except by order of the Court."

6. The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

7. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

8. Copies of Confidential Documents

The following procedures shall be utilized by the parties in production of documents and materials designated as "Confidential":

    (a) Counsel for each party shall receive one copy of the Confidential documents.

    (b) Counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the confidential documents to any source without further order of the Court or authorization from counsel for the COUNTY.

    (c) If counsel in good faith require additional copies of documents marked "Confidential" in preparation of their case, they shall make a further request to counsel for the COUNTY. Upon agreement with counsel for the COUNTY, copies will be produced in a timely manner to the requesting counsel, pursuant to the procedures of this Stipulated

Protective Order.  Agreement shall not be unreasonably withheld by counsel for the COUNTY.

      (d)    The parties shall be billed for any copying of the Confidential documents at the County's cost.

      (e)    Counsel for the CITY OF FRESNO shall produce documents and materials marked "Confidential" to the remaining parties .

      (f)    If any document or information designated as Confidential pursuant to this Stipulated Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protective Order.  The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with paragraph 5 of this Stipulated Protective Order.  Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

9.    Notwithstanding the provisions of Paragraph 3, Confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

10.    Should any information designated Confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the County of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.  No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

11.    After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced containing Confidential information will remain confidential, and

1  if filed with the Court shall remain under seal. All documents and materials produced by the COUNTY pursuant to this Stipulated Protective Order shall be returned to counsel for the COUNTY in a manner in which counsel will be able to reasonably verify that all documents were returned. All parties all agree to ensure that all persons to whom confidential documents or materials were disclosed shall be returned to counsel for the COUNTY. The conclusion of this litigation means a termination of the case following a trial or settlement.

12. No later than 90 days after settlement or of receiving notice of the entry or an order, judgment, or decree terminating this action, all persons having received the Confidential documents shall return said documents to counsel for the COUNTY.

13. If any party appeals a jury verdict or order terminating the case within the 90 days specified in Number 12, above, counsel for the parties shall maintain control of all copies of Confidential documents until resolution of the appeal. Following the termination of the action for any reason on appeal, all persons having received the Confidential documents shall return said documents to the COUNTY within 90 days after judgment or dismissal is entered.

14. This Stipulated Protective Order shall also pertain and apply to any deposition(s) of individuals designated as Person(s) Most Qualified to testify regarding the probation of Plaintiff RALPH RENDON and the contents of his probation file as specified herein. Any such testimony and transcript thereof shall be subject to the same terms of Confidentiality as are applicable to the enumerated documents that the COUNTY will produce in accordance with this Stipulated Protective Order. Any transcript and exhibit(s) thereto will be marked as Confidential.

15. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good cause shown or by the stipulation of the parties.

16. The Court shall retain jurisdiction, even after this lawsuit terminates (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown; and, (b) to adjudicate any dispute respecting the improper use or disclosure of confidential material.

Dated: April 1, 2009            COUNTY OF FRESNO

By   /s/ Arthur G. Wille
     Kevin B. Briggs
     Interim County Counsel
     Arthur G. Wille
     Deputy County Counsel

Dated: April 1, 2009            KAPETAN BROTHERS

By   /s/ Peter N. Kapetan
     Peter N. Kapetan
     Attorney for Plaintiffs
     CLAUDIA RENDON, LAWRENCE RENDON, RICARDO RENDON, JOHN NUNEZ, JR., ALFRED HERNANDEZ and VIVIAN CENTENO

Dated: April 1, 2009            DREYER BABICH BUCCOLA CALLAHAM & WOOD

By   /s/ Charlie Barrett
     Roger A. Dreyer
     Charlie Barrett
     Attorney for Plaintiffs
     LUPE MARTINEZ, GEORGE RENDON, PRISCILLA RENDON

Dated: April 1, 2009  LYNBERG & WATKINS

By /s/ Matthew Harrison
Dana A. Fox
Matthew Harrison
Attorney for Defendants
MICHAEL MANFREDI and MARCUS TAFOYA

Dated: April 1, 2009  PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ Terence J. Cassidy
Terence J. Cassidy
Kristina M. Hall
Attorney for Defendants
CITY OF FRESNO, JERRY DYER and BELINDA ANAYA

IT IS SO ORDERED.

**Dated: April 7, 2009**  /s/ Oliver W. Wanger
UNITED STATES DISTRICT JUDGE