# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE E. MARTINEZ, In Behalf of Herself and all Similarly Situated, and RALPH C. RENDON, In Behalf of Himself and all Similarly Situated.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO; JERRY DYER, CHIEF OF THE FRESNO POLICE DEPARTMENT; SGT. MICHAEL MANFREDI; OFFICER MARCUS K. TAFOYA; OFFICER BELINDA ANAYA, and DOES 1-20, in their individual and official capacities, Inclusive,<br><br>Defendants. | Case No. 1:06cv0233 OWW GSA<br>Consolidated Case No. 1:06cv1851 OWW GSA<br><br>**ORDER RE DEFENDANTS CITY OF FRESNO, JERRY DYER AND BELINDA ANAYA'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM**<br><br>(Document 230) |

## INTRODUCTION

On May 6, 2009, Defendants CITY OF FRESNO, BELINDA ANAYA and JERRY DYER filed a Motion to Compel Compliance with Subpoena Duces Tecum. More particularly, Defendants sought information from the California Department of Justice, Santa Clara County Department of Corrections, United States Postal Service and the California Department of Corrections and Rehabilitation.

A hearing was scheduled for May 29, 2009, at 9:30 a.m. After reviewing the motion and related pleadings, the Court determined that this matter was suitable for decision without oral

1

argument pursuant to Local Rule 78-230(h).  Thus, the hearing previously calendared for May 29, 2009, was vacated.  Having considered all materials submitted, and as discussed more fully below, Defendants' Motion to Compel Compliance with Subpoena Duces Tecum is GRANTED WITH MODIFICATION.

## RELEVANT BACKGROUND

Plaintiffs Lupe E. Martinez and Ralph C. Rendon, initially proceeding pro se, filed the present civil rights action on March 1, 2006.  In September 2006, Plaintiffs retained counsel. Plaintiffs filed a First Amended Complaint on January 30, 2007.  The complaint alleged violations of 42 U.S.C. § 1983 (unreasonable search and seizure and unreasonable use of force via the Fourth and Fourteenth Amendments), false imprisonment, California Civil Code § 52, California Civil Code § 52.1 and malicious prosecution against the City of Fresno, Fresno Police Chief Jerry Dyer, Sgt. Michael Manfredi, Officer Marcus Tafoya and Officer Belinda Anaya.

The action arises out of an incident on March 5, 2005.  According to the complaint, Plaintiffs were at a welcome home party for their relative, Plaintiff George Rendon, who had returned from the war in Iraq.  At the party, two men exchanged words and family members separated them.  During the restraining of the two men, twelve to fifteen police officers from the Fresno Police Department arrived.  The police officers began hitting people with batons, using unreasonable force.  Defendants Tafoya, Anaya and Manfredi, along with other police officers, entered the home, hitting people with batons and throwing people to the floor.  Several people were hospitalized as a result of the injuries.  In addition, Plaintiffs and several other people were arrested.  Defendants allegedly used excessive force in seizing and arresting Plaintiffs.

Plaintiffs claimed that Defendants Manfredi, Tafoya and Anaya wrote police reports regarding the incident that contained false and misleading information.  Plaintiffs further alleged that both Defendant Manfredi and Tafoya had previous histories of excessive force and illegal police conduct, which was well documented and known by the Fresno Police Department. Plaintiffs also alleged that Defendant Dyer and Defendant City were well aware of Defendant Manfredi and Defendant Tafoya's history of excessive force and illegal police conduct, tolerated said conduct, retained these officers, covered up the illegal activity and encouraged the conduct.

In November 2007, the matter was consolidated with *Claudia Rendon et al. v. City of Fresno*, 1:06-cv-1851 OWW GSA, which arises out of the same incident of March 5, 2005.

Pertinent here, Defendants City of Fresno, Jerry Dyer and Belinda Anaya filed a Motion to Compel Compliance with Subpoena Duces Tecum on May 6, 2009. The motion was directed to non-parties California Department of Justice (DOJ), Santa Clara County Department of Corrections (SCDOC), the United States Postal Service (USPS), and the California Department of Corrections and Rehabilitation (CDCR).  (Doc. 230.)

On May 15, 2009, third party SCDOC filed its opposition to the motion to compel.  (Doc. 246.)  No other third party filed an objection to the motion.  On May 21, 2009, Defendants City of Fresno, Jerry Dyer and Belinda Anaya filed a Notice of Withdrawal of Motion to Compel as to CDCR Only.  (Doc. 253.)

## DISCUSSION

**Defendants' Motion To Compel Compliance With Subpoena Duces Tecum**

Defendants issued subpoena duces tecum to non-parties seeking information regarding Plaintiffs John Nunez Jr. and Lawrence Rendon.  Discovery directed to third parties is governed by Rule 45 of the Federal Rules of Civil Procedure.

**A.     California Department Of Justice**

Defendants seek criminal history records maintained regarding Plaintiff John Nunez Jr.  In the alternative, Defendants seek to have the records produced for the Court's *in camera* inspection.  Defendants assert these records are necessary because Nunez has asserted that his arrest and prosecution led to the loss of his job and his inability to obtain employment, and therefore, he has suffered damages. (Doc. 230-2 at 3.)  The records would establish whether Nunez "has been convicted of any violent crimes and the specific nature of those crimes before or after the incident, which would be far more bearing on any such allegation[] than would the criminal charges dismissed in this case."  (Doc. 230-2 at 5.)

On February 24, 2009, Defendants directed a subpoena to the California Department of Corrections in Sacramento seeking "criminal history record for John Nunez, Jr., DOB 1/29/1966, SSN 546-13-[xxxx]."  (Doc. 230-3, Ex. A.)  In response thereto, in a letter dated March 13, 2009,

3

DOJ objected to the subpoena pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure. (Doc. 230-3, Ex. B.) That rule provides, in pertinent part, as follows:

> *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all fo the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. . . .

DOJ maintained the records could not be produced because they are privileged and confidential. DOJ cited to a number of California statutes, as well as the right to privacy as secured by the California and United States Constitutions. More particularly, DOJ cites to California Penal Code sections 11075-11076, 11105 & 11141 et seq. (Doc. 230-3, Ex. B.)

California Penal Code section 11075 (Criminal offender record information) provides, in pertinent part, as follows:

> (b) Such information shall be restricted to that which is recorded as the result of an arrest, detention, to other initiation of criminal proceedings or of any consequent proceedings related thereto.

The subsequent section provides that "Criminal offender record information shall be disseminated, whether directly or through any intermediary, only to such agencies as are, or may subsequently be, authorized access to such records by statute." (Cal. Pen. Code, § 11076.)

California Penal Code section 11105 provides in relevant part:

> (c) *The Attorney General may furnish state summary criminal history information* and, when specifically authorized by this subdivision, federal level criminal history information *upon a showing of a compelling need* to any of the following . . . :
> . . . . . . . . . . . . . . . . .
> (7) The courts of the United States, other states, or territories or possessions of the United States.

(Emphasis added.) Section 11141 of the California Penal Code makes it a crime for an employee of the Department of Justice to knowingly furnish information to a person not authorized to receive the record.

California Civil Code section 1798 et seq pertains to the Information Practices Act of 1977. Section 1798.1 provides, in part, that "[i]n order to protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict

4

limits." Section 1798.24 pertains to when information may be disclosed and states in subsection (k) that disclosure may be made "pursuant to a subpoena, court order, or other compulsory legal process . . .." Section 1798.71 provides that "[t]his chapter shall not be deemed to abridge or limit the rights of litigants . . . under the laws, or case law, of discovery of this state."

Where a privilege is asserted and information is not provided to the subpoenaing party, the Federal Rules of Civil Procedure state as follows:

> (A) *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation materials must:
>   (i) expressly make the claim; and
>   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(FRCP 45(d)(2)(A).) With regard to privilege, as Defendants point out, "[w]hether federal or state law controls the statutory protection of material from discovery depends upon the federal or state nature of the substantive claims. . . . Here, Plaintiff Nunez's claims are all federal in nature and therefore federal law is controlling." (Doc. 230-2, at 5.)

On May 26, 2009, DOJ filed a Conditional Non-Opposition statement, indicating that if the Court were to "determine by Order that the requested materials are relevant and should be produced to defendants, the DOJ will comply under the authority vested in it by [California] Penal Code section 11105(c)(7)." (Doc. 260 at 2.)

Because Plaintiff John Nunez Jr. has alleged that he lost his job as a result of his arrest following the incident that is the subject of this litigation, and that he has been unable to find other work, Defendants have a compelling need of the information. The information pertains directly to Plaintiff's claim for damages. Additionally, in weighing the burden to the subpoenaed party against the value of the information to Defendants (*Moon v. SCP Pool Corporation*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)), it does not appear the subpoena poses an undue burden upon non-party DOJ. Thus, this Court finds that Defendants have established a compelling need of the information, and DOJ shall be ordered to release the criminal history information pertaining to Plaintiff John Nunez Jr.

//

**B.     Santa Clara County Department of Corrections**

On or about February 23, 2009, Defendants directed a subpoena to the Santa Clara County Jail in San Jose, California, seeking "any and all records regarding John Nunez, Jr., DOB 1/29/1966, SSN 546-13-[xxxx], FBI # 5233WA4 from January 2004 to present." Also included was a Notice of Taking Deposition No Appearance Necessary Record Only, referencing a date of March 18, 2009, for the deposition of the custodian or records. (Doc. 230-3, Ex. C.) Defendants seek the information for the same reasons stated above: that Plaintiff John Nunez Jr. claims he lost his job and has been unable to obtain employment as a result of his arrest and prosecution related to the events that form the basis of this suit, and has suffered damages as a result. (Doc. 230-2 at 3, 5.)

On March 11, 2009, county counsel's office responded to the subpoena by letter, raising a number of objections that the subpoena was: (1) overbroad; (2) sought documents that are not in its possession, custody or control, or are equally available from other sources such as court files; (3) involved criminal history records that may not be disclosed pursuant to California Penal Code section 13300 et seq.; (4) sought documents that "are confidential and private;" (5) to the extent it sought medical records, it did not comply with HIPAA and such documents are not in its possession; (6) to the extent it sought peace officer personnel files, the information is confidential pursuant to California Penal Code sections 832.5 & 832.7; (7) failed to show good cause to justify the production. The letter concluded that compliance cannot occur "as currently worded." (Doc. 230-3, Ex. D.)

On May 15, 2009, counsel for SCDOC filed an opposition to Defendants' motion. In its opposition, SCDOC argued that the subpoena is "overbroad, sought criminal history information protected by [California] Penal Code section 13300 and other privacy and related laws, and failed to show cause to justify production of records." SCDOC also asserted the motion was not timely filed pursuant to Local Rule 78-230. (Doc. 246 at 2.) On May 26, 2009, the parties filed a Joint Statement Regarding Discovery Disagreement Re Subpoena Duces Tecum. (Doc. 262.)

In the May 26, 2009, Joint Statement Regarding Discovery Disagreement Re Subpoena Duces Tecum, and included in the "Factual Background" section is the following statement: "Mr.

Nunez has admitted in the course of discovery that he has been arrested and detained in the Santa Clara County Jail on various charges." (Doc. 262 at 2.) SCDOC indicated it will "produce documents pertaining to the criminal history and charges against Mr. Nunez if the Court issues an order authorizing it to do so." (Doc. 262 at 2-3.) In the same document, Defendants contend that California Penal Code section 13300 does not preclude it from obtaining criminal records for use in a civil action, and that is has shown a compelling need. (Doc. 262 at 3.)

To the degree that SCDOC complained the subpoena "seeks documents that are not in its possession, custody, or control . . ." and the documents involve "criminal history records that may not be disclosed . . ." (Doc. 230-3, Ex. D), the Court is mindful that a party cannot be compelled to produce documents that are not in its possession, custody or control, and that access is not enough. *Ariel v. Jones*, 693 F.2d 1058, 1060 (11th Cir. 1982).

Lastly, SCDOC's assertion that the motion was not timely, pursuant to Local Rule 78-230, is erroneous. Local Rule 37-251 applies here, and therefore, Defendants' motion was timely filed.

The subpoena duces tecum directed to SCDOC regarding records pertaining to Plaintiff John Nunez Jr. is overbroad. It is not clear whether the documentation sought relates to the potential employment or employment of John Nunez, Jr., or whether it might relate to his having been in custody at the Santa Clara County Jail. It is overbroad also in that, as written, the documentation sought may include medical records, and would therefore be subject to HIPAA compliance.

California Penal Code section 13300 pertains to "local summary criminal history information." Subdivision (c) of that section provides that "[a] local agency may furnish local summary criminal history information, upon a showing of a compelling need, to any of the following . . . (6) The courts of the United States, other states, or territories or possessions of the United States."

Defendants have established a compelling need of the information it seeks. John Nunez Jr. has claimed damages as a result of losing his job, and being unable to find subsequent employment, due to his arrest following the incident that is the subject of this litigation. Additionally, it does not appear the subpoena poses an undue burden upon non-party SCDOC.

7

*Moon v. SCP Pool Corporation*, 232 F.R.D. at 637.  Accordingly, the Court will MODIFY the discovery request directed to SCDOC to limit the subpoena to exclude medical and/or personnel records.

    **C.**    **United States Postal Service**

On or about February 24, 2009, Defendants directed a subpoena to the USPS in Fresno seeking "any and all records concerning any applications for employment by subject Lawrence Rendon from January 2004 to Present, including but not limited to, any application forms, examinations given, results of examinations, correspondence to or from Lawrence Rendon, offers or declinations for employment, background check or any other document that concerns an attempt to be employed by the United States Postal Service."  Also included was a Notice of Taking Deposition No Appearance Necessary Record Only, referencing a date of March 17, 2009, for the deposition of the custodian or records.  (Doc. 230-3, Ex. E.)  Defendant seeks this information because Lawrence Rendon has identified the USPS as being a prospective employer "to whom he applied for work but did not obtain a position" as a result of the negative impact following the incident at issue here.  Defendants state they will be in position to confirm or deny Lawrence Rendon's claim if the records were provided, and it "directly impacts and is relevant to the damages alleged."  (Doc. 230-2 at 2, 4, 6.)

On March 24, 2009, the USPS responded to Compex Legal Services, Inc. regarding the subpoena.  The objection is based upon the Privacy Act of 1974 and states that it is barred "from disclosing employee information without the consent of the employee."  The objection concludes that the copies cannot be disclosed "until we receive a court order authorizing release thereof or a written authorization from the employee involved."  (Doc. 230-3, Ex. F.)

Again, Defendants seek the information related to Plaintiff Lawrence Rendon's potential employment and/or employment with the USPS because Plaintiff Rendon has claimed he suffered damages in the form of the USPS's refusal to hire him as a result of the incident that is the subject of this litigation.  Defendants have established a compelling need of the information.  Moreover, there is nothing to indicate the USPS will be unduly burdened by Defendants' request.  *Moon v.*

*SCP Pool Corporation*, 232 F.R.D. at 637. Thus, this Court will order that the records be produced.

## CONCLUSION AND ORDER

Based on the foregoing, and subject to the Protective Order filed contemporaneously hereto, the Court orders that:

1. Defendants' motion to compel compliance with subpoena duces tecum is GRANTED, with partial MODIFICATION, as follows:

   A. The California Department of Justice is ORDERED to produce the criminal history records of John Nunez Jr., as identified in the subpoena issued February 24, 2009;

   B. The County of Santa Clara, Department of Correction is ORDERED to produce records pertaining to John Nunez Jr., as identified in the subpoena issued February 23, 2009, *excluding medical and/or personnel records, if any*;

   C. The United States Postal Service is to produce records pertaining to Lawrence Rendon, as identified in the subpoena issued February 20, 2009.

IT IS SO ORDERED.

Dated: **June 2, 2009**         /s/ **Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE