# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE E. MARTINEZ, In Behalf of Herself and all Similarly Situated, and RALPH C. RENDON, In Behalf of Himself and all Similarly Situated.<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF FRESNO; JERRY DYER, CHIEF OF THE FRESNO POLICE DEPARTMENT; SGT. MICHAEL MANFREDI; OFFICER MARCUS K. TAFOYA; OFFICER BELINDA ANAYA, and DOES 1-20, in their individual and official capacities, Inclusive,<br><br>　　　　　Defendants. | Case No. 1:06cv0233 OWW GSA<br>Consolidated Case No. 1:06cv1851 OWW GSA<br><br>**PROTECTIVE ORDER RE RECORDS OF THE CALIFORNIA DEPARTMENT OF JUSTICE AND SANTA CLARA COUNTY DEPARTMENT OF CORRECTIONS** |

**IT IS HEREBY ORDERED** that the documents described in an order issued contemporaneously hereto shall be designated as "Confidential" and produced subject to the following Protective Order:

　　1.　The disclosed documents shall be used solely in connection with the federal civil case of *Lupe E. Martinez, et al. v. City of Fresno, et al.*, Case No. 1:06 cv 00233 OWW GSA, and in the preparation and trial of this case. The parties are not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trial in this matter.

1         2.      A party producing the documents and materials described above may designate
2 those materials by affixing a mark labeling them as "Confidential Material Subject to Protective
3 Order."  If any Confidential materials cannot be labeled with the aforementioned marking, those
4 materials shall be placed in a sealed envelope or other container that is in turn marked
5 Confidential in a manner agreed upon by the disclosing and requesting parties.
6         3.      Documents or materials designated under this Protective Order as Confidential
7 may only be disclosed to the following persons:
8           a)      Counsel for Plaintiffs: Peter N. Kapetan of Kapetan Brothers for Plaintiffs
9                   Ralph C. Rendon, Claudia Rendon, Lawrence Rendon, Ricardo Rendon,
10                  John Nunez, Jr., Alfred Hernandez, and Vivian Centeno; and Charles M.
11                  Barrett of Dreyer, Babich, Buccola, Callaham & Wood for Plaintiffs Lupe
12                  Martinez, George Rendon and Priscilla Rendon;
13          b)      Counsel for Defendants: Terence J. Cassidy, Kristina M. Hall and John R.
14                  Whitefleet of Porter Scott on behalf of Defendants City of Fresno, Jerry
15                  Dyer and Belinda Anaya; and Matthew P. Harrison and Dana A. Fox of
16                  Lynberg & Watkins on behalf of Defendants Michael Manfredi and Marcus
17                  K. Tafoya.  Counsel may in turn disclose this information to Defendants to
18                  the extent reasonably necessary to assist their counsel in this litigation, or
19                  for this counsel to advise them with respect to the litigation.  Defendants
20                  are not to disclose "Confidential" information or materials to any other
21                  persons without court authorization;
22          c)      Attorney, paralegal, clerical, and secretarial personnel regularly employed
23                  by counsel;
24          d)      Court personnel including stenographic reporters or videographers
25                  engaged in proceedings as are necessarily incidental to the preparation for
26                  the trial of the civil action;
27          e)      Any expert or consultant retained in connection with this action;
28

    f)  The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and

4. Prior to the disclosure of any Confidential information to any person identified in paragraph 3, each such recipient of Confidential information shall be provided with a copy of this Protective Order, which he or she shall read.  Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt.  Moreover, each such recipient of Confidential information shall execute a Nondisclosure Certification in the form of Attachment A.  Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.  Counsel for Plaintiffs and Defendants shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given.  The parties will advise each other of the names and addresses of all individual(s) they wish to provide Confidential documents to.

5. All documents or materials designated as "Confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as "Confidential," that are filed with the Court for any purpose shall be filed and served under seal pursuant to the procedures outlined in Local Rules 39-140 and 39-14, with the following statement affixed to the document or other information:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

6. The designation of information as "Confidential," and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

7. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential.  Prior to so applying, the party seeking to reclassify

3

"Confidential" information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

8.  **Copies of Confidential Documents**

    Copies of confidential documents will be handled in the following manner:

    a)  The parties shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in these confidential documents to anyone;

    b)  If for a justifiable reason, the parties in good faith reasonably believe they need an additional copy or copies for preparation of their case, including any copies for court filings, they shall notify the other party's attorney of the specific number of copies of documents marked "Confidential" will be reproduced;

    c)  The parties shall maintain Confidential information with a red marking labeled "CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER."

    d)  If any document or information designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 5 of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

9.    Notwithstanding the provisions of paragraph 3, Confidential information produced pursuant to this Protective Order shall not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

10.    Should any information designated Confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly:

    a)    inform opposing counsel of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s); and

    b)    use best efforts to bind the recipient(s) to the terms of this Protective Order.  No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

11.    At the conclusion of this litigation, all documents, in whatever form stored, containing "Confidential" information will remain Confidential, and if filed with the Court, shall remain under seal.  All parties also ensure that all persons to whom "Confidential" documents were disclosed shall be returned to counsel for the producing party.  The conclusion of this litigation means a termination of the case following applicable post-trial motions, appeal and/or retrial.  After the conclusion of this litigation, all confidential documents received under the provisions of this Protective Order, including all copies made, shall be returned to the Court for the oversight of destruction.

12.    This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  After this action terminates, any party may seek to modify or dissolve this Protective Order by Court order for good cause shown or by the parties' stipulation.

13. The Court shall retain jurisdiction, even after this lawsuit terminates to (a) make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown, and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

14. No later than 45 days of receiving notice of the entry of an order, judgment, or decree terminating this entire action, all persons having received protected information shall return all Confidential Documents to the Court for proper destruction.

IT IS SO ORDERED.

Dated:   **June 2, 2009**            /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE