**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUPE E. MARTINEZ, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>CITY OF FRESNO, et al.,<br><br>　　　　　　　Defendants. | 1:06-CV-00233 OWW GSA<br><br>[Consolidated with<br>1:06-cv-01851]<br><br>**MEMORANDUM DECISION RE:<br>MARCUS TAFOYA'S MOTION<br>TO SET ASIDE HIS FIFTH<br>AMENDMENT ELECTION** |
| CLAUDIA RENDON, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>CITY OF FRESNO, et al.,<br><br>　　　　　　　Defendants. | |

**I.   INTRODUCTION**

Defendant Marcus Tafoya moves to set aside his November 16, 2009 assertion of his rights under the Fifth Amendment, previously electing not to testify in this action while a criminal case was pending against him. Plaintiffs oppose the motion.

1

## II. BACKGROUND

Plaintiffs Lupe Martinez, Ralph Rendon, Claudia Rendon, George Rendon, Priscilla Rendon, Lawrence Rendon, Ricardo Rendon, John Nunez, Jr., Alfred Hernandez, and Vivian Centeno bring this civil rights action against the City of Fresno, Chief Jerry Dyer, Sergeant Michael Manfredi, and Officers Belinda Anaya and Marcus Tafoya. Plaintiffs allege that on March 5, 2005, Defendant Officers unlawfully entered Ms. Rendon's residence, exercised excessive force during the encounter, and illegally seized and/or arrested them. Plaintiffs have brought claims against the Defendant Officers for violations of their federal and state constitutional rights, malicious prosecution, and false imprisonment. Plaintiffs have also brought claims against the City of Fresno for inadequate training and supervision.

On March 31, 2009, the parties appeared before the Court to discuss the difficulties raised by Defendant Tafoya's assertion of his rights under the Fifth Amendment. Defendant Tafoya, who was previously indicted on nine counts of criminal conduct,[1] was ordered to make his Fifth Amendment election by November 15, 2009. On November 15, 2009, Defendant Tafoya filed an "Election Regarding Testimony," asserting his Fifth Amendment right not to testify in this case.

Defendant Tafoya's criminal trial, **People of the State of**

---

[1] On December 7, 2007, a Fresno County grand jury indicted Marcus Tafoya on nine counts of criminal conduct based, in large part, on his conduct at 4519 E. Mono Lane, Fresno, California, on March 5, 2005.

**2**

**California v. Marcus Tafoya, Case No. 07900100, commenced in November 2009. After eight weeks of trial, on January 25, 2010, Defendant Tafoya was acquitted on all counts related to the incident forming the basis of this litigation.[2]**

**On January 29, 2010, the parties appeared before the Court to discuss the impact, if any, of the acquittals on the issues raised in this case.[3] During the hearing, Defendant Tafoya announced his intent to set aside his previous assertion of his Fifth Amendment rights. The Court permitted the parties to brief the issue, ordering Defendant Tafoya to file his motion by February 5, 2010.**

**On February 5, 2010, Defendant Marcus Tafoya moved to set aside his November 16, 2009 assertion of his Fifth Amendment rights. Plaintiffs opposed the motion on February 9, 2010.[4]**

### III.   DISCUSSION

**Defendant Tafoya argues that he should be relieved of his prior election not to testify for two reasons. First, Tafoya argues that he was not "gaming" the system as he was criminally**

---

[2] The one remaining count on which the jury was unable to reach a verdict has been dismissed.

[3] The Court had previously invited the parties' input concerning the impact, if any, of the acquittals on the issues raised in this case. All parties submitted their comments prior to the January 29, 2010 hearing.

[4] Plaintiffs Ralph Rendon, Claudia Rendon, Lawrence Rendon, Ricardo Rendon, John Nunez, Jr., Alfred Hernandez, and Vivian Centeno filed their opposition on February 9, 2010. (Doc. 474.) Plaintiffs Lupe Martinez, Priscilla Rendon, and George Rendon joined the opposition on February 19, 2010. (Doc. 476.)

3

indicted prior to asserting his Fifth Amendment rights in this case. Second, any claimed prejudice by the Plaintiffs is outweighed by the harm Tafoya will suffer if he is not allowed to testify as he is personally liable for any potential punitive damages award.

Plaintiffs dispute the characterization of Tafoya's gamesmanship, arguing that he received a "tactical advantage" in both cases - criminal and civil - by invoking his right not to testify in this case. According to Plaintiff, Tafoya was able to cross-examine witnesses and "preview" the evidence against him without submitting to a deposition. As to prejudice, Plaintiffs argue that they have expended thousands of hours in discovery and prepared summary judgment motions based on Tafoya's election not to testify. Plaintiffs conclude that "balancing the appropriate factors mandates that Defendant Tafoya not be allowed to withdraw his election."

Courts have held that a trial court must "carefully balance" the interests of the party claiming protection against self-incrimination and the adversary's entitlement to equitable treatment. *See Doe ex rel. Rudy-Glanzer v. Glanzer,* 232 F.3d 1258, 1265 (9th Cir. 2003) (citing *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 192). "Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side." *Id.* The tension between one party's Fifth Amendment rights and the other party's right to a fair proceeding is "resolved by

4

analyzing each instance [...] on a case-by-case basis under the microscope of the circumstances of that particular civil litigation." *Id.*

*Evans v. City of Chicago*, 513 F.3d 735 (7th Cir. 2008), provides the closest specific context. There, Plaintiff brought suit against the City of Chicago and several of its police officers alleging that they conspired to falsely convict him of the abduction, rape, and murder of a nine-year old girl. During discovery, the group of allegedly corrupt officers refused to testify, invoking their Fifth Amendment rights, in light of an ongoing investigations into their conduct by both a grand jury and special prosecutor. Prior to trial, the officers moved to withdraw their Fifth Amendment election based on the special prosecutor's report, which concluded that the officers would not face criminal indictment. The trial court granted the motion and barred any reference to the officers' prior invocation of their Fifth Amendment privilege. The jury returned a verdict exonerating the officers and Plaintiff appealed.

Affirming the trial judge's ruling to allow the officers to withdraw their privilege claim and testify, rejecting Plaintiff's motion for a new trial, the Seventh Circuit determined that the record indicated a good-faith invocation of the Fifth Amendment:

> [The trial judge] reasonably could have concluded that the officers were not "gaming" the system but rather were concerned about the special prosecutor's investigation, which was only recently completed when they decided to testify. When asked to explain why they invoked the Fifth Amendment in this case, three of the officers indicated that they made the decision

5

> **upon the advice of their attorneys after the special prosecutor contacted them. [One officer], who did not consult with counsel, said that he thought that the special prosecutor's case was "broad" and did not know if he was a target. Officer McKenna also stated that he had been told by one of Plaintiff's trial counsel that if he answered questions about the [] investigation, he would waive his right to assert the privilege in response to questions about other investigations. These reasons indicate a good-faith invocation of the Fifth Amendment.**

*Id.* at 743.

Here, like *Evans*, the record proves that Defendant Tafoya made a good-faith and necessary election of his Fifth Amendment privilege. At the time he elected not to testify, Tafoya faced nine criminal counts and, if convicted, a considerable prison sentence.[5] This was not a hypothetical grand jury investigation with an unknown target or scope. Although he was later acquitted, the tension created by Tafoya's looming criminal trial and whether he should invoke his Fifth Amendment rights in this case was immediate and tangible. *Compare United States v. Allmon,* --- F.3d ----, 2010 WL 445728 (8th Cir. Feb. 10, 2010) (discussing the circumstances underlying a valid assertion of an individual's Fifth Amendment rights) *and F.T.C. v. Kitco of Nev., Inc.*, 612 F.Supp. 1282 (D. Minn. 1985) (trial judge admitted the testimony of

---

[5] Plaintiffs filed this case in March 2006 and, in 2007, Defendant Tafoya was indicted on nine counts of criminal conduct, several of which were related to the incident forming the basis for this litigation. During discovery in this case, Tafoya refused to answer interrogatories or giving a deposition based on his ongoing criminal case. On November 16, 2009, Tafoya invoked his Fifth Amendment rights not to testify at trial, "in light of the presently pending criminal matter [....]"

Defendant even though he had previously invoked the Fifth Amendment during discovery) *with Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553 (1st Cir. 1989) ("[a] defendant may not use the fifth amendment to shield herself from the opposition's inquiries during discovery only to impale her accusers with surprise testimony at trial."). Defendant Tafoya has not "gamed the system" when he invoked his right not to testify. His case is more persuasive than the officers in *Evans*. 513 F.3d at 738 ("The officers [asserted their Fifth Amendment rights] in light of an *ongoing investigation* by a special prosecutor into certain abuses committed by police officers.") (emphasis added).

There is also the issue of prejudice. Plaintiffs suggest that prejudice exists here because Tafoya was "able to preview all of Plaintiff's discovery against him, without having to submit to examination [a deposition]." In the context of this case, this contention is meritless. Tafoya's election and withdrawal are totally distinguishable from *Nationwide Life Insurance Company v. Richards,* 541 F.3d 903 (9th Cir. 2008), where the Ninth Circuit discussed the atypical situation of an "eve of trial" withdrawal where the adverse party "conducted discovery and prepared the case without the benefit of knowing the content of the privileged matter." In this case, unlike *Nationwide* and *Evans*, there is substantial sworn testimony from Defendant Tafoya concerning the March 5, 2005 incident, to all of which Plaintiffs have had access. The Court discussed in detail the existence of such testimony - and its possible effect on a motion to withdrawal - during the January

7

**29, 2010 hearing:**

> Now, in valuing the plaintiffs' rights and determining the potential inconvenience or prejudice to the plaintiffs, we have to be able to know and we have to define and quantify and weigh and balance what is known, what is not known about what the prospective witness who's seeking to waive will say. And so that the plaintiff can be fully and fairly prepared for trial if there is a waiver.
>
> Now, in this case, which makes it completely distinguishable from these other cases, Evans and the rest of them. My understanding is that initially officer Tafoya testified at a preliminary hearing [in a criminal case] involving some of the plaintiffs and was subject to cross-examination. At least the opportunity was there when that case was being criminally prosecuted. I know that some of the Rendons, and I think Rodriguez was in that case. But I'm not certain about Rodriguez.
>
> In Rodriguez' case, Tafoya's deposition was taken before the criminal charges were filed. So we have, one, the testimony at the prelim. Two, his deposition in the civil case in the Rodriguez case. And now, there is a transcript of - I don't know how many days he testified in his criminal case, but there's a complete transcript of at least, I'm going to assume, eight of the plaintiffs, the interactions and the circumstances of those interactions that were the subject of the criminal charges. And so, quite frankly, given the totality of that evidence, I would say even before taking Tafoya's deposition in this case, if it is to be taken, the plaintiffs are going to be better prepared to deal with Tafoya than probably any plaintiffs in any civil rights case at least that I've ever tried or seen. Because there is more information, not to mention what happened in the administrative proceedings concerning officer Tafoya's employment, some of which is protected by the peace officer's bill of rights, some of which is privileged, but some of which concerns his actual performance in the field under conditions and for which the test normally is does that conduct comport with prevailing police practices and protocols under POST and other relevant standards of police conduct, including the rules of the Fresno police department.

(Reporter's Tanscript ("RT"), January 29, 2009, 32:2-33:15.)

8

Recognizing the importance of available prior testimony to the prejudice calculus, Defendant's motion delineates five instances of such testimony and/or statements made by Tafoya:

1. Tafoya's June 2, 2006 deposition testimony in a related civil case;

2. Tafoya's testimony at the March 10, 2006 preliminary hearing concerning the criminal prosecution of some of the Plaintiffs in this action;

3. Tafoya's statements during the City of Fresno's Internal Affairs Investigation (March 2005);

4. Tafoya's Probable Cause Declaration and related City of Fresno P.D.'s internal memoranda; and

5. Tafoya's testimony in his recent criminal trial, which concluded on January 25, 2010.

(Doc. 472, Kazalbasch Dec. ¶'s 11-15.)

Plaintiffs' prejudice arguments are resolved by the existence of Tafoya's prior testimony/statements concerning the May 5, 2005 incident. There is no "surprise" testimony in this case. Plaintiffs will have full opportunity to take Tafoya's deposition in this case armed with five prior testimonial records of Tafoya's description of the circumstances of his interactions with Plaintiffs under higher burdens of proof in the criminal case. Also weighing in Tafoya's favor is that he faces considerable personal liability on Plaintiffs' liability and punitive damages claims. The City of Fresno is not liable for and need not indemnify any punitive damages award against Tafoya. See Cal. Gov't. Code § 825(a).

If this motion is granted, discovery will be reopened only for

Tafoya's deposition and to answer interrogatories, and Defendants have agreed to make Tafoya available for deposition within ten days of an order setting aside his election.  The reopening of discovery will cure any prejudice to Plaintiffs.  *See Evans*, 513 F.3d at 745 ("[The trial judge] reasonably could have determined that ordering additional discovery cured any prejudice [...] [t]he trial had not yet begun when the officers waived the privilege, which gave them time to provide amended answers to all discovery and appear for redepositions.").

Plaintiffs advance an additional argument, namely that they have expended thousands of hours in discovery and prepared motions based on Tafoya's election not to testify.  Plaintiffs maintain that Defendant Tafoya should be required to pay for all the attorneys' fees and costs incurred as a result of his "recent change of heart."  This is an unfair characterization.  Tafoya effectively did not have a choice to testify.  Plaintiffs also did not disclose whether they are being paid on an hourly basis or on contingency.  If they prevail, they will undoubtedly seek attorneys' fees. This request is DENIED without PREJUDICE.  Although Tafoya was criminally indicted, he was presumed innocent – an acquittal remained a possibility throughout his criminal case.  Moreover, an order requiring Tafoya to pay for all future attorneys' fees and costs - the extent of which is unknown - could lead to abuse and require constant judicial oversight.  Plaintiffs also do not cite any legal authority to support their position.

## IV.  CONCLUSION

After carefully considering the parties' positions, Defendant Tafoya's motion is GRANTED and his prior election of his Fifth Amendment privilege is set aside.  Here, Plaintiffs have not been unfairly surprised or prejudiced by Tafoya's assertion of privilege and subsequent decision to testify at trial.  Defendant Tafoya has not "gamed the system" when he invoked his right not to testify and Plaintiffs have gained substantial prior testimony from Tafoya relating to his account of the March 5, 2005 incident to anticipate his testimony in this civil case.

Tafoya faces considerable personal liability on Plaintiffs' punitive and compensatory damages claims.  The additional discovery as to Tafoya will cure any prejudice arising from setting aside Tafoya's November 19, 2009 election.  There is a preference for trial on the merits.  Each party is entitled to his or her day in court.  The motion is GRANTED.

Defendant Tafoya shall submit a form of order consistent with, and within five (5) days following electronic service of, this memorandum decision.

IT IS SO ORDERED.

**Dated:   March 2, 2010**             /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE